1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ATRAYBION HARMON,                         No.  2:21-cv-1184 DB P

12                    Petitioner,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   ROBERT BURTON,

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   under 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

19          Under Rule 4 of the Rules Governing § 2254 Cases, the court is required to conduct a

20   preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to

21   Rule 4, the court must summarily dismiss a petition if it "plainly appears from the petition and

22   any attached exhibits that the petitioner is not entitled to relief in the district court."

23   **I.  The Petition**

24          Petitioner complains that prison conditions, primarily overcrowding, put him at risk for

25   contracting COVID-19.[1]  Petitioner seeks immediate release and an injunction barring the

26

27   [1] COVID-19 is described by the U.S. Center for Disease Control and Prevention ("CDC") as "a
     dangerous disease caused by a virus discovered in December 2019 . . . .  It is very contagious and
     has quickly spread around the world."  https://www.cdc.gov/coronavirus/2019-ncov/your-
28   health/about-covid-19/basics-covid-19.html.

                                               1

1   Department of Corrections and Rehabilitation from transferring inmates from other prisons to the

2   California Health Care Facility, where he was previously incarcerated.[2]

3   **II. Petitioner's Allegations are not Cognizable in a Federal Habeas Action**

4   "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of

5   that custody, and ... the traditional function of the writ is to secure release from illegal custody."

6   Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Thus, "when a state prisoner is challenging the

7   very fact or duration of his physical imprisonment, and the relief he seeks is a determination that

8   he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

9   remedy is a writ of habeas corpus."  Id. at 500.  By contrast, "[t]he appropriate remedy for [claims

10  concerning the terms and conditions of a prisoner's incarceration], if proven, would be a

11  judicially mandated change in conditions and/or an award of damages, but not release from

12  confinement."  Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).  Thus, "[h]abeas corpus

13  proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of

14  confinement.  A civil rights action ... is the proper method of challenging 'conditions of ...

15  confinement.'"  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser, 411 U.S. at

16  484, 498-99).

17  Petitioner's claim that current prison conditions expose him to a risk of harm due to

18  potential exposure to COVID-19 relates to the conditions of petitioner's confinement rather than

19  the legality of his confinement.  An appropriate remedy for these claims, if proven, would be in

20  the form of damages or a change in conditions, not release.  If a state prisoner's claim does not lie

21  at the core of habeas corpus, "it may not be brought in habeas corpus but must be brought, if at

22  all, under [42 U.S.C.] § 1983."  Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc)

23  (internal quotation marks and citation omitted).  Therefore, the exclusive vehicle for petitioner's

24  claim is § 1983.  See Cisneros v. Garcia, No. 2:20-cv-1750 TLN DB P, 2020 WL 8920697, at *1

25  (E.D. Cal. Sept. 8, 2020) (finding challenge to conditions of confinement should be raised in a §

26  1983 complaint rather than a habeas petition, even if the remedy petitioner seeks is release from

27

28  [2] According to a change of address petitioner submitted recently, he is now incarcerated at Valley
    State Prison.

2

1   prison), <u>rep. and reco. adopted</u>, 2021 WL 1087688 (E.D. Cal. Mar. 22, 2021); <u>Phea v. Pfeiffer</u>,

2   No. 2:20-cv-0283WBS GGH P, 2020 WL 1892427, at *1 (E.D. Cal. Apr. 16, 2020) (same);

3   <u>Bowman v. California</u>, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal.

4   June 26, 2019) (same), <u>rep. and reco. adopted</u>, 2019 WL 4736238 (C.D. Cal. Sept. 27, 2019).

5   This is so even though petitioner requests release from custody.  <u>See</u> <u>Shook v. Apker</u>, 472 F.

6   App'x 702, 702-03 (9th Cir. 2012) (finding claims regarding conditions of confinement were

7   properly brought in a civil rights case despite the relief plaintiff sought).

8   **III.  Petitioner's Petition Should not be Converted to a Section 1983 Complaint**

9          In an appropriate case, a district court can convert a habeas petition into a civil rights

10  complaint.  <u>Nettles</u>, 830 F.3d at 935-36.  However, this court declines to recommend conversion

11  of this action because there are several significant differences in a proceeding in habeas corpus

12  compared to a civil rights action.  For instance, the filing fee for a habeas petition is $5.00.  For

13  civil rights cases, however, the fee is $402.  Even if the prisoner is granted in forma pauperis

14  status, he is still obligated to pay $350, by way of deductions from income to the prisoner's trust

15  account.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Petitioner may choose not to pursue his claim if he is

16  required to pay the substantially higher filing fee.  Another difference is that a prisoner must

17  exhaust his administrative remedies through the prison appeals process before filing a § 1983 suit

18  in federal court.  42 U.S.C. § 1997e(a).  Petitioner indicates that he has not done so.  (ECF No. 1

19  at 9.)

20         Moreover, the petition does not state specific allegations against the respondent or any

21  other individual.  Thus, it is not clear who petitioner would seek to hold responsible for the

22  alleged rights violations.  Accordingly, this court recommends that the district court decline to

23  convert this action into a civil rights action.

24         For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly

25  assign a district judge to this case.

26         Further, IT IS RECOMMENDED that this action be dismissed without prejudice for

27  petitioner's failure to state a claim cognizable under 28 U.S.C. § 2254.

28  ////

3

1    These findings and recommendations will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

3    being served with these findings and recommendations, petitioner may file written objections

4    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations."  Petitioner is advised that failure to file objections within the specified

6    time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

7    F.2d 1153 (9th Cir. 1991).

8    Dated: September 2, 2021

9

10

11                                                    DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   DLB:9
     DB Prisoner Inbox/Habeas/S/harm1184.scrn fr

27

28

4